## MEADE v. COLLINS et al.

Court of Appeals of Kentucky.
Sept. 25, 1951.

E. Poe Harris, Ashland, for appellant.
P. H. Vincent, Ashland, for appellee.

CLAY, Commissioner.

Appellees sought to compel appellant either to remove a barn or pay damages for the obstruction of a roadway leading from appellees' home to a main highway. The judgment denied an injunction, but awarded $500 damages. The only question on this appeal concerns the reasonableness of this amount.

The evidence showed, and it is apparently conceded, that appellees had a 30 foot right of way adjoining appellant's property. In this right of way was a well defined, used road about 15 feet wide. Appellant erected a substantial barn near appellees' residence which did not extend over the traveled portion of the road, but did encroach 9 feet at one end and 6 feet at the other upon the 30 foot right of way. It does not so obstruct the roadway as to prevent appellees from traveling by vehicle to or from their property.

The evidence shows, and we think it obvious, that the value of appellees' property has been to some extent diminished. The two appellees fix this damage at from $1000 to $2500. The real reasons for these substantial estimates seem to be the existence of the barn in close proximity to the dwelling house, and bad feeling between the parties. However there is proof that a creek opposite the barn is gradually eroding the right of way, and sometime in the future the presence of the barn may put appellees to additional expense in protecting the road from the invasion of the creek. In addition, appellees have been permanently deprived of a substantial property right.

Considering the nature of this obstruction, the invasion of appellees' rights, the inconvenience, and diminution in the value of appellees' property, we do not think the award of $500 was unreasonable or excessive.

The judgment is affirmed.